## IN T HE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JOSEPH ROBERTS                          :

    Plaintiff                              :

    v                                      :          Civil Action No. DKC-05-2052

WARDEN                                  :

    Defendant                              :
                         o0o

## MEMORANDUM

This civil rights action was filed by Plaintiff on July 26, 2005, during his incarceration at

Maryland Reception Diagnostic and Classification Center ("MRDCC").[1]  Pending is Defendant's

Motion to Dismiss or in the alternative for Summary Judgment.  Paper No. 7.  Plaintiff has filed a

Response in Opposition to the motion.  Papers No. 9 and 10.[2]  Upon review of the papers filed, this

court finds a hearing in this matter unnecessary.  Local Rule 105.6 (D. Md. 2004).  For the reasons set

forth below, Defendant's Motion, construed as a Motion for Summary Judgment, shall be granted.

---

[1] Plaintiff is currently incarcerated at the Eastern Correctional Institution.

[2] Plaintiff also asks for the appointment of counsel.  A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1), is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also, Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982).  The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Where a colorable claim exists, but the litigant has no capacity to present it counsel should be appointed.  *Id*.  Upon careful consideration of the motions and previous filings by Plaintiff, this Court finds that he has demonstrated the wherewithal to articulate the legal and factual basis of his claims himself.

**Background**

Plaintiff asserts that he was a pre-trial detainee from Cecil County Detention Center, incarcerated at MRDCC pending sentencing. Paper No. 1. He claims that during his incarceration at MRDCC he was confined to the segregation unit. *Id*. On July 18, 2005, Plaintiff claims he was waiting to get on the elevator when another inmate managed to get out of his handcuffs and assault him. *Id*. He claimed that he was in fear for his life because his assailant was assigned to the same housing unit as him. He also asserts that security staff took no measures to move his assailant or otherwise insure he had no further contact with him in spite of his written notification to the appropriate staff. *Id*.

Defendant claims that no assault took place: rather, Plaintiff was involved in a verbal altercation with another inmate, Joseph Goppy. Paper No. 7 at Ex. 2 and 3. Plaintiff's allegation that he was assaulted was investigated shortly after the incident. *Id*. at Ex. 2. While Plaintiff claimed that Goppy had thrown a punch at him and grazed the right side of his face, no signs of bruises or scratches were noted at the time of the interview. *Id*. At the time of the interview, Plaintiff's chief complaint was that the officer who was present at the time, Officer Diana Nance, did not write a report of the incident and that he was in fear for his life from Goppy. *Id*. An incident report was, in fact written by Officer Nance who described the incident as an exchange of words between the two men which ended with her intervention. *Id*. at Ex. 3. Her report alleges that both men were in handcuffs, chains and leg irons during the incident. *Id*.

Defendant further asserts that Goppy was released to a detainer at the Baltimore County Detention Center on July 22, 2005, at approximately 7:20 a.m.. *Id*. at Ex. 2. Though the two men

2

were no longer in the same prison, Plaintiff complained that he was still in fear for his life and in response was moved to another cell in a different housing unit.  *Id*.

## Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. *See*  Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party.  *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998).  A party who bears the burden of proof on a particular claim must factually support each element of his or her claim.  "[A] complete failure of proof concerning an essential element . . . necessarily renders all other  facts immaterial." *Celotex*, 477 U.S. at 323.  Thus, on those issues on which the nonmoving party will have the burden of proof, it is his

or her responsibility to confront the motion for summary judgment with an affidavit or other similar

evidence. *See Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the
> burden of proof at trial on a dispositive issue, a summary judgment
> motion may properly be made in reliance solely on the "pleadings,
> depositions, answers to interrogatories, and admissions on file." Such a
> motion, whether or not accompanied by affidavits, will be "made and
> supported as provided in this rule," and Rule 56(e) therefore requires
> the nonmoving party to go beyond the pleadings and by her own
> affidavits, or by the "depositions, answers to interrogatories, and
> admissions on file," designate "specific facts showing that there is a
> genuine issue for trial."

*Celotex*, 477 U.S. at 324.  However, "'a mere scintilla of evidence is not enough to create a fact

issue.'"   *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North*

*Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)).

There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that

party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be

granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

## <u>Analysis</u>

The constitutional protections afforded to a pre-trial detainee, such as Plaintiff, by the

Fourteenth Amendment are co-extensive with those provided by the Eighth Amendment.  *See Bell v.*

*Wolfish*, 441 U.S. 520, 535 (1979).   "Due process rights of a pretrial detainee are at least as great as

the eighth amendment protections available to the convicted prisoner." *Hill v. Nicodemus*, 979 F.2d

987, 991 (4th Cir. 1992) *citing Martin v. Gentile*, 849 F. 2d 863, 870 (4th Cir. 1988).  In order to

prevail on a constitutional claim that prison officials have failed to protect him from the violence of other inmates, Plaintiff must establish that the defendants exhibited deliberate or callous indifference to a specific known risk of harm. *See Pressly v. Hutto*, 816 F. 2d 977, 979 (4th Cir. 1987). "Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency.   Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 833– 34 (1994) (citations omitted).  "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id* at 837. *See also Rich v. Bruce*, 129 F. 3d 336, 339– 40 (4th Cir. 1997).

Even when the disputed fact regarding whether Plaintiff was assaulted is resolved in Plaintiff's favor,[3] Defendant is entitled to summary judgment in his favor.  There is no allegation that Goppy presented a threat of harm to Plaintiff prior to the incident on July 18, 2005.  Plaintiff has not alleged any previous incidents involving Goppy, nor has he provided this court with evidence that prison officials should have been aware that Goppy presented a threat of harm to him.  With respect to Defendant's conduct following the assault, the incident report written by Officer Nance would not have

---

[3] Because the disputed fact concerning the assault is resolved in Plaintiff's favor, it is unnecessary for this court to view the security video tape of the assault as requested by Plaintiff.

placed anyone on notice that a continuing problem existed between the two men.  Upon notifying

security staff that he felt his life was in danger, Plaintiff's housing assignment was changed.

Aside from the random character of the alleged assault in this case, the claim also fails because

Plaintiff has alleged no injury resulting from the incident.  Plaintiff must establish that the harm he

suffered was serious in nature. *See Farmer,* 511 U.S. at 834.   In the instant case, Plaintiff has not

alleged he suffered any harm.

Defendant's Motion for Summary Judgment shall be granted by separate order which follows.


___11/7/05_____                    _____/s/_____
Date                                       DEBORAH K. CHASANOW
                                           United States District Judge